UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on April 29, 2005

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  06-          (RJL) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| HENDERSON A. JOSEPH, | : | VIOLATIONS: |
| MARCELLE L. STEPHENS, | : | 18 U.S.C. § 371 (Conspiracy); |
| | : | 26 U.S.C. § 7206(2) (Aiding or Assisting the |
| | : | Preparation of a Fraudulent Return); |
| | : | 18 U.S.C.  § 2 (Aiding and Abetting); |
| | : | 22 DC Code § 3211, 3212(a) (First Degree |
| | : | Theft) and  22 DC Code § 1805 (Aiding and |
| Defendants. | : | Abetting). |

INDICTMENT

The Grand Jury charges that:

## COUNT ONE - CONSPIRACY

### INTRODUCTION

At all times relevant to this Indictment:

1.      The Internal Revenue Service (IRS) is an agency of the Unites States of America, Department of the Treasury, and maintains its headquarters at 1111 Constitution Avenue, N.W., Washington, D.C.  The IRS has responsibility for administering provisions of the Internal Revenue Code.

2.      Absent the grant of an extension, individuals who earn income in excess of certain minimum amounts are required to file a Form 1040 series U.S. Federal Income Tax Return no later than April 15th of the calendar year immediately following the tax year.

3.  A Schedule A is a tax form which itemizes certain allowable tax deductions a taxpayer may claim that reduce gross income and can reduce the resultant income tax liability.

4.  The categories of Schedule A deductions include, among others: gifts to charity; unreimbursed employee expenses, including job travel, and job education; and miscellaneous deductions which can include such things as uniforms, dry-cleaning, and telephone expenses.

5.  The education credit is a dollar-for-dollar credit against the tax due and owing.

6.  During all times relevant herein, Triad Business Services, hereinafter referred to as "Triad," was a tax return preparation business with locations in Baltimore, Maryland, Washington, D.C., and Richmond, Virginia, offering tax preparation and accounting services to the general public.

7.  During all times relevant herein, Triad was owned and operated by the defendant, **HENDERSON A. JOSEPH.**

8.  During all times relevant herein, defendant **MARCELLE L. STEPHENS** was the Triad Office Manager for the Triad Washington, D.C. office.

9.  From approximately January 2001 until May 15, 2002, unindicted co-conspirator, "D.M.," was the Triad Office Manager for the Triad Baltimore, Maryland office.

10.  From approximately January until May 15, 2002, unindicted co-conspirator, "N.W.," was the Triad Office Manager for the Triad Richmond, Virginia office.

**THE CONSPIRACY**

11.  From in or about January 2000, and continuing thereafter until in or about May 15, 2002, within the District of Columbia and elsewhere, the defendants, **HENDERSON A. JOSEPH, MARCELLE L. STEPHENS,** unindicted co-conspirators "D.M.," "N.W.," and other individuals whose identities are known and unknown to the grand jury, did unlawfully, knowingly, and willfully,

conspire and agree together and with each other, and with other persons both known and unknown to the grand jury:

 A. to impede, impair, obstruct and defeat the lawful functions of the United States of America, United States Department of the Treasury, Internal Revenue Service, in the collection of revenue; to wit, income taxes through the filing of fraudulent Federal income tax returns, Forms 1040, which claimed deductions and credits to which various Triad Clients were not entitled and thereby generated fraudulent income tax returns, in violation of Title 26, United States Code, Section 7206(2), Aiding or Assisting the Preparation of a Fraudulent Return, and Title 18, United States Code, Section 2, Aiding and Abetting; and

 B. to defraud the United States of America, United States Department of the Treasury, Internal Revenue Service, in an amount in excess of $1,000,000, through the filing of fraudulent Federal income tax returns, Forms 1040, which claimed deductions and credits to which various Triad Clients were not entitled, thereby generating fraudulent income tax refunds.

## THE GOAL OF THE CONSPIRACY

 12. It was the goal of the conspiracy that the defendants, **HENDERSON A. JOSEPH, MARCELLE L. STEPHENS,** unindicted co-conspirators "D.M.," "N.W.," and other individuals whose identities are known and unknown to the grand jury, would, in an effort to maximize Triad's business and income by increasing the client base, increasing the tax preparation fees, and increasing repeat customers who would return in successive years, knowingly and willfully prepare and file with the IRS tax returns for Triad clients which income tax returns overstated and claimed fictitious deductions and unentitled education credits, thereby reducing the clients' tax liabilities and causing clients to receive income tax refunds to which they were not entitled.

**MANNER AND MEANS**

13. In order to further the objects and goals of the conspiracy, the defendants, **HENDERSON A. JOSEPH, MARCELLE L. STEPHENS,** unindicted co-conspirators "D.M.," "N.W.," and other individuals whose identities are known and unknown to the grand jury, used the following manners and means, among others:

A. Unindicted co-conspirator "D.M.," and employees working under her supervision, would meet with taxpayers who wanted to have their U.S. Individual Income Tax Return, Form 1040, prepared at Triad's Baltimore, Maryland or Washington, D.C. office.

B. Unindicted co-conspirator "N.W.," and employees working under her supervision, would meet with taxpayers who wanted to have their U.S. Individual Income Tax Return, Form 1040, prepared at Triad's Richmond, Virginia office.

C. Unindicted co-conspirator "D.M.," and employees working under her supervision, would create or inflate and place on taxpayers' U.S. Individual Income Tax Returns, Form 1040, Schedule A - Schedule of Itemized Deductions, false and fictitious expenses, including charitable contributions, job expenses, and other miscellaneous expenses to which the taxpayers were not in fact entitled.

D. Unindicted co-conspirator "N.W.," and employees working under her supervision, would create or inflate and place on taxpayers' U.S. Individual Income Tax Returns, Form 1040, Schedule A - Schedule of Itemized Deductions, false and fictitious expenses, including charitable contributions, job expenses, and other miscellaneous expenses to which the taxpayers were not in fact entitled.

E. Unindicted co-conspirator "D.M.," and employees working under her supervision, would list on the taxpayers' U.S. Individual Income Tax Returns, Form 1040, false education credits to which the taxpayers were not in fact entitled.

F. Unindicted co-conspirator "N.W.," and employees working under her supervision, would list on the taxpayers' U.S. Individual Income Tax Returns, Form 1040, false education credits to which the taxpayers were not in fact entitled.

G. The fictitious itemized deductions claimed on the clients' income tax returns would cause a Schedule A - Statement of Itemized Deductions to be created by Triad and therefore, resulted in greater fees charged to the clients by Triad.

H. All client income tax returns prepared at the Baltimore and Richmond Offices would be sent to the District of Columbia Triad Office where they were reviewed by the defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS,** and then electronically transmitted to the Internal Revenue Service via the Internet on the taxpayer's behalf.

**OVERT ACTS**

14. Within the District of Columbia, and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, the defendants **HENDERSON A. JOSEPH, MARCELLE L. STEPHENS,** unindicted co-conspirators, "D.M.," "N.W.," and other individuals whose identities are known and unknown to the grand jury committed the following overt acts, among others:

A. On or about and during 2000, defendant **HENDERSON A. JOSEPH,** the owner of Triad, had a conversation with unindicted co-conspirator "D.M.," inviting her to manage a new Triad branch office that was opening in Baltimore, Maryland. "D.M." agreed to manage the office in

exchange for a starting salary of approximately $30,000.00 per year. Defendant **HENDERSON A. JOSEPH** also paid $7,000.00 of unindicted co-conspirator "D.M.'s" settlement costs on the purchase of a home and approximately $3,000.00 to some of her creditors.

      B.      During 2000 and 2001, unindicted co-conspirator "D.M." was trained while on the job, in person by defendant **HENDERSON A. JOSEPH** and by defendant **MARCELLE L. STEPHENS** at the Triad office located at 4813 Georgia Ave., N.W., Washington, D.C. and was also trained during telephone conversations.

      C.      During her on-the-job training referenced in paragraph B, above, defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS** instructed unindicted co-conspirator "D.M." to inflate itemized deductions which would lower their clients' ultimate tax liabilities. Defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS** specifically instructed unindicted co-conspirator "D.M." to create and place on the clients' U.S. Individual Income Tax Returns, Forms 1040, Schedule A, falsely inflated and wholly fictitious itemized deductions, including: charitable contributions, employee expenses, and education credits.

      D.      While unindicted co-conspirator "D.M." was in training, defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS** would review all income tax returns prepared at the Baltimore Office. Following their review of each return, defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS** sent via facsimile transmission, copies of the tax returns they had reviewed with additional inflated and wholly fictitious deductions and credits, which they instructed unindicted co-conspirator "D.M." to incorporate into the income tax returns.

E.	Once trained by defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS**, unindicted co-conspirator "D.M.," in turn, trained her employees in the Triad Office she managed located at 2129 Maryland Avenue, Baltimore, Maryland to prepare false tax returns by creating and placing on the clients' U.S. Individual Income Tax Returns, Forms 1040, falsely inflated and wholly fictitious itemized deductions, including: charitable contributions, employee expenses, and education credits.

F.	All client income tax returns prepared at the Baltimore Office, under unindicted co-conspirators "D.M.'s" supervision were sent to the District of Columbia Triad Office, reviewed by **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS,** and then electronically transmitted to the IRS via the Internet on behalf of the taxpayers.

G.	After September 11, 2001, defendant **HENDERSON A. JOSEPH** had a conversation with unindicted co-conspirator "N.W." about coming to work for him in Virginia.

H.	On or about prior to January 2002, at defendant **HENDERSON A. JOSEPH's** behest, unindicted co-conspirator "N.W." traveled from New York to Virginia and went to the Richmond office.

I.	At the Triad District of Columbia office defendant **HENDERSON A. JOSEPH** explained to unindicted co-conspirator "N.W." the procedures and how the office was supposed to run.

J.	In or about January 2002, unindicted co-conspirator "N.W." signed a contract to manage the Triad Richmond, Virginia office. Her salary was $21,000.00 plus a $2,000.00 bonus and housing.

K.   Defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS** explained to unindicted co-conspirator "N.W." how the office worked and they reviewed the paperwork. "N.W." was specifically told that she needed to get approval from defendant **HENDERSON A. JOSEPH** or defendant **MARCELLE L. STEPHENS** before any information was released.

L.   When unindicted co-conspirator "N.W." first began working for Triad, defendant **MARCELLE L. STEPHENS** trained "N.W." for three to four days.

M.   During the training referenced in paragraph L, above, defendant **MARCELLE L. STEPHENS** instructed "N.W." to give all clients a 10 percent charitable write-off on their income tax returns whether they in fact had such charitable contributions or not.

N.   When unindicted co-conspirator "N.W." began working for Triad, after defendants **HENDERSON A. JOSEPH** and **MARCELLE L. STEPHENS** reviewed the tax returns she prepared, defendant **MARCELLE L. STEPHENS** would talk to "N.W." usually by telephone.

O.   During the conversations referenced in paragraph N, above, defendant **MARCELLE L. STEPHENS** would tell unindicted co-conspirator "N.W." that she should put down 10 percent of gross income, because the refund she was putting down was not high enough and not the numbers she and defendant **HENDERSON A. JOSEPH** wanted.

P.   On or about April 4, 2002, at the Triad office located in the District of Columbia, defendant **HENDERSON A. JOSEPH** prepared a 2001 U.S. Individual Income Tax Return, Form 1040, for "Irma L. Rosales." Ms. Rosales was in fact an undercover IRS Special Agent posing as a taxpayer. The tax return prepared for Ms. Rosales contained false expenses and deductions, including $6,830 in charitable contributions and $10,270 in unreimbursed employee expenses. The

income tax return claimed a refund of $3,815, whereas it should have shown a tax due and owing of $141.

  Q. On or about April 5, 2002, at the Triad office located in Baltimore, Maryland, unindicted co-conspirator "D.M.," prepared a 2001 U.S. Individual Income Tax Return, Form 1040, for "Barbara A. Bishop." Ms. Bishop was in fact an undercover IRS Special Agent posing as a taxpayer. The tax return prepared for Ms. Bishop contained false expenses and deductions, including $4,936 in charitable contributions and $9,508 in unreimbursed employee expenses. The income tax return claimed a refund of $3,045, whereas it should have shown a tax due and owing of $310.

  R. On or about April 12, 2002, at the Triad office located in Richmond, Virginia, unindicted co-conspirator "N.W.," prepared a 2001 U.S. Individual Income Tax Return, Form 1040, for "Jonathan V. Stillman." Mr. Stillman was in fact an undercover IRS Special Agent posing as a taxpayer. The tax return prepared for Mr. Stillman contained false expenses and deductions, including $3,097 in charitable contributions and $5,240 in unreimbursed employee expenses. The income tax return claimed a refund of $1,881, whereas it should have shown a tax due and owing of $416.

**(Conspiracy,** in violation of Title 18, United States Code, Section 371).

## COUNTS TWO THROUGH EIGHT
## AIDING IN THE PREPARATION OF FALSE TAX RETURNS

### INTRODUCTION

1.    The allegations set forth in paragraphs 1 through 10 Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

### COUNT TWO

2.    On or about February 4, 2000, in the District of Columbia, defendant **HENDERSON A. JOSEPH**, did willfully aid and assist in, and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service, of a 1999 U.S. Individual Income Tax Return, Form 1040, of "K.L.," which was false and fraudulent as to a material matter, in that said return represented that 'K.L.," was entitled to a deduction in the amount of $7,010 for charitable contributions and a deduction in the amount of $4,372 for miscellaneous deductions, whereas, defendant **HENDERSON A. JOSEPH** then and there well knew and believed, that said deductions were in fact false.

**(Aiding in the Preparation of a False Tax Return,** in violation of Title 26, United States Code, Section 7206(2); **Aiding and Abetting,** in violation of Title 18, United States Code, Section 2).

### COUNT - THREE

3.    On or about February 9, 2000, in the District of Columbia, defendant **MARCELLE L. STEPHENS**, did willfully aid and assist in, and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service, of a 1999 U.S. Individual Income Tax Return, Form 1040, of "S.C. and S.C.," which was false and fraudulent as to a material matter, in that said return represented that "S.C. and S.C.," were entitled to a deduction in the amount of $9,016 for miscellaneous deductions and to an education credit in the amount of $498, whereas, defendant

**MARCELLE L. STEPHENS** then and there well knew and believed that said deductions and credit were in fact false.

**(Aiding in the Preparation of a False Tax Return,** in violation of Title 26, United States Code, Section 7206(2); **Aiding and Abetting,** in violation of Title 18, United States Code, Section 2).

### COUNT - FOUR

4.    On or about January 27, 2001, in the District of Columbia, defendant **HENDERSON A. JOSEPH**, did willfully aid and assist in, and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service, of a 2000 U.S. Individual Income Tax Return, Form 1040, of "K.L.," which was false and fraudulent as to a material matter, in that said return represented that "K.L.," was entitled to a deduction in the amount of $5,830 for charitable contributions and to miscellaneous deductions in the amount of $10,809, whereas, defendant **HENDERSON A. JOSEPH** then and there well knew and believed that said deductions were in fact false.

**(Aiding in the Preparation of a False Tax Return,** in violation of Title 26, United States Code, Section 7206(2); **Aiding and Abetting,** in violation of Title 18, United States Code, Section 2).

### COUNT - FIVE

5.    On or about February 14, 2001, in the District of Columbia, defendant **MARCELLE L. STEPHENS**, did willfully aid and assist in, and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service, of a 2000 U.S. Individual Income Tax Return, Form 1040, of "S.C. and S.C.," which was false and fraudulent as to a material matter, in that said return represented that "S.C. and S.C.," were entitled to a deduction in the amount of $ 7,850 for charitable contributions, a deduction in the amount of $9,490 for miscellaneous deductions, a credit

in the amount of $330 for education, and a credit in the amount of $480 for a child care, whereas, defendant **MARCELLE L. STEPHENS** then and there well knew and believed that said deductions and credits were in fact false.

**(Aiding in the Preparation of a False Tax Return,** in violation of Title 26, United States Code, Section 7206(2); **Aiding and Abetting,** in violation of Title 26, United States Code, Section 2).

## COUNT - SIX

6. On or about April 6, 2002, in the District of Columbia, defendant **HENDERSON A. JOSEPH**, did willfully aid and assist in, and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service, of a 2001 U.S. Individual Income Tax Return, Form 1040, of "D.H. and C.H.," which was false and fraudulent as to a material matter, in that said return represented that "D.H. and C.H.," were entitled to a deduction in the amount of $6,591 for charitable contributions, a deduction in the amount of $19,989 for miscellaneous deductions, a deduction in the amount of $3,641 for Schedule C Expenses, and a deduction in the amount of $5,390 for moving expenses, whereas, defendant **HENDERSON A. JOSEPH** then and there well knew and believed that said deductions were in fact false.

**(Aiding in the Preparation of a False Tax Return,** in violation of Title 26, United States Code, Section 7206(2); **Aiding and Abetting,** in violation of Title 18, United States Code, Section 2).

## COUNT - SEVEN

7. On or about February 4, 2002, in the District of Columbia, defendant **MARCELLE L. STEPHENS** , did willfully aid and assist in, and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service, of a 2001 U.S. Individual Income Tax Return, Form 1040, of "K.L.," which was false and fraudulent as to a material matter, in that said return

represented that "K.L.," was entitled to a deduction in the amount of $6,900 for charitable contributions and a deduction in the amount of $11,920 for miscellaneous deductions, whereas, defendant **MARCELLE L. STEPHENS** then and there well knew and believed that said deductions were in fact false.

(**Aiding in the Preparation of a False Tax Return,** in violation of Title 26, United States Code, Section 7206(2); **Aiding and Abetting,** in violation of Title 18, United States Code, Section 2).

### COUNT - EIGHT

8.  On or about February 23, 2002, in the District of Columbia and elsewhere, unindicted co-conspirator "N.W.," and defendants **MARCELLE L. STEPHENS** and **HENDERSON A. JOSEPH**, did willfully aid and assist in, and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service, of a 2001 U.S. Individual Income Tax Return, Form 1040, of "N.C. and M.C.," which was false and fraudulent as to a material matter, in that said return represented that "N.C. and M.C.," were entitled to a deduction in the amount of $6,870 for miscellaneous deductions and to a credit in the amount of $480 for child care, whereas, unindicted co-conspirator "N.W." and defendants **MARCELLE L. STEPHENS** and **HENDERSON A. JOSEPH**, then and there well knew and believed that said deductions and credit were in fact false.

(**Aiding in the Preparation of a False Tax Return,** in violation of Title 26, United States Code, Section 7206(2); **Aiding and Abetting,** in violation of Title 18, United States Code, Section 2).

## COUNT NINE - FIRST DEGREE THEFT

### INTRODUCTION

1. The allegations set forth in paragraphs 1 through 10 of Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

### COUNT NINE

2. On or about February 5, 2001, the defendant, **HENDERSON A. JOSEPH**, having participated in the above-described conspiracy, did knowingly and wrongfully obtain and use property of a value of $250.00 or more, belonging to the District of Columbia government, a municipal corporation, consisting of money, to wit: a government of the District of Columbia check, payable to "K.L.," in the approximate amount of $1,440.17, which check was subsequently cashed.

**(First Degree Theft, Aiding and Abetting, in violation of Title 22, D.C. Code §§ 3211, 3212(a), 1805).**

A TRUE BILL

FOREPERSON

KENNETH L. WAINSTEIN
Attorney for the United States in
and for the District of Columbia